## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| VINCENT L. FRANKLIN, II, | ) CASE NO. 1:24-cv-794 |
| Plaintiff, | ) JUDGE CHARLES E. FLEMING |
| v. | ) |
| MEDINA TOWNSHIP POLICE, *et al.*, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

**I.     INTRODUCTION**

Plaintiff Vincent L. Franklin, II, has filed a *pro se* prisoner civil rights complaint in this matter pursuant to 42 U.S.C. § 1983 against Medina Township Police Department and Officer E. Chaperlo. (ECF No. 1). Plaintiff did not pay the filing fee, but instead, filed a motion to proceed *in forma pauperis* (ECF No. 2), which the Court hereby **GRANTS**.

The complaint indicates that Plaintiff is a pretrial detainee in the Medina County Jail. (ECF No. 1, PageID #2, 4). It generally alleges that Officer Chaperlo pulled Plaintiff over on November 18, 2023 without probable cause and he did so because Plaintiff is black. (*Id.* at PageID #3–5). It alleges that Officer Chaperlo stated he pulled Plaintiff over because "he was coming out of a hotel." (*Id.* at PageID #4). The pleadings assert that Plaintiff had not come out of a hotel and had done nothing illegal. (*Id.*).

For relief, Plaintiff seeks damages (compensatory and punitive) and requests the dismissal of "all charges" brought against him by Medina County. (*Id.* at PageID #5). The docket of the Medina County Court of Common Pleas demonstrates that Plaintiff was charged with aggravated possession of drugs and that the criminal case remains pending following Plaintiff's change of plea

and Motion for Intervention in Lieu of Conviction. *See State of Ohio v. Vincent L. Franklin*, Case No. 2024CR0047.

**II. LAW AND ANALYSIS**

Because Plaintiff is proceeding *in forma pauperis* and seeks relief from a governmental entity and employee, his complaint is subject to initial screening under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). These statutes require district courts to screen all *in forma pauperis* complaints filed in federal court, and all complaints in which prisoners seek redress from governmental entities, officers, or employees, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Upon review, the Court finds that Plaintiff's complaint must be dismissed in accordance with §§ 1915A and 1915(e)(2)(B).

First, Plaintiff seeks dismissal of the criminal charges against him, which would presumably lead to his release from confinement. A state prisoner seeking to challenge the fact or duration of his confinement should pursue relief through a writ of habeas corpus because such a challenge is not the proper subject of a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Where the relief sought is 'a determination that he is entitled to immediate release or a speedier release from that imprisonment,' the prisoner must pursue relief through a writ of habeas corpus, not through § 1983." *Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014) (quoting *Preiser*, 411 U.S. at 500). Thus, Plaintiff's claim and request for dismissal of all charges against him fails to state a cognizable claim under § 1983. *See Gordon v. Smitter*, No. 1:23-cv-755, 2023 U.S. Dist. LEXIS 139803, at *7–8 (W.D. Mich. Aug. 10, 2023); *Thornton v. Hagan*, No. 3:16-cv-

P176-DJH, 2016 U.S. Dist. LEXIS 142503, 2016 WL 6078306, at *4 (W.D. Ky. Oct. 14, 2016) ("[R]elease from custody and dismissal of charges are not available forms of relief under § 1983.").

Second, Plaintiff's complaint fails to state a cognizable claim for damages under § 1983. In *Heck v. Humphrey*, the Supreme Court held that a state prisoner has no cognizable damages claim for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff *first* proves that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486–87 (1994). "A claim challenging confinement must be dismissed regardless of whether the plaintiff seeks injunctive or monetary relief." *Thomas v. Pugh*, 9 F. App'x 370, 372 (6th Cir. 2001) (citing *Heck*, 512 U.S. at 489–90; *Preiser*, 411 U.S. at 488–90); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration, . . ."). The Sixth Circuit has held that *Heck* applies to suits filed by pretrial detainees. *Id.* Plaintiff has challenged his pretrial confinement, but he has not alleged or demonstrated that his confinement has been challenged or remedied in any of the ways articulated in *Heck*. Accordingly, Plaintiff's claims are non-cognizable under *Heck*.

Finally, the Court must abstain from hearing Plaintiff's claims under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), which provides that federal courts should abstain from deciding a matter that would interfere with pending state proceedings

involving important state matters unless extraordinary circumstances are present. This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id*. at 44. "*Younger* abstention applies when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Miskowski v. Peppler*, 36 F. App'x 556, 557 (6th Cir. 2002); *see also Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003).

Because all three factors that support *Younger* abstention are present in this case, the Court finds that abstention is warranted. First, Plaintiff's complaint alleges unconstitutional detention in connection with a criminal case currently pending in Medina County Court of Common Pleas. Second, that criminal proceeding implicates an important state interest, "as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere." *See Leveye*, 73 F. App'x at 794 (citing *Younger*, 401 U.S. at 43–45). Third, there is no evidence, nor any suggestion in Plaintiff's complaint, that state procedures cannot afford him an adequate opportunity to raise his federal constitutional concerns in the context of his state criminal case. *See Szarell v. Summit Cnty. Court of Common Pleas*, No. 5:18-cv-2975, 2019 U.S. Dist. LEXIS 142061, at *6 (N.D. Ohio Aug. 21, 2019) (explaining that it is the burden of the plaintiff to allege that the state court proceedings did not or could not provide an opportunity to the plaintiff to present federal claims).

IV. **CONCLUSION**

For the foregoing reasons, the complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Further, the Court **CERTIFIES**, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: July 15, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

5